1  JEFFREY H. WOOD
   Acting Assistant Attorney General
2  Environment and Natural Resources Division

                                                ADAM PAUL LAXALT
                                                Nevada Attorney General

3  ESPERANZA ANDERSON
   Pennsylvania Bar 62582
4  Senior Counsel
   Environmental Enforcement Section
5  U.S. Department of Justice
   P.O. Box 7611
6  Washington, D.C.  20044
   Telephone: (202) 616-8756
7  Fax: (202) 616-2427
   Email: esperanza.anderson@usdoj.gov

                                                KATIE S. ARMSTRONG
                                                Nevada Bar 8571
                                                Deputy Attorney General
                                                100 N Carson Street
                                                Carson City, Nevada 89701
                                                Telephone: (775) 684-1224
                                                Fax: (775) 684-1100

8
9  STEVEN W. MYHRE
   Acting United States Attorney

10 TROY K. FLAKE
   Assistant United States Attorney
11 501 Las Vegas Blvd., South, Suite 1100
   Las Vegas, NV 89101

12

13            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEVADA
14

15 UNITED STATES OF AMERICA,      )  Civil Case No.
                                  )
16        and                     )
                                  )
17 THE STATE OF NEVADA            )  COMPLAINT
                                  )
18            Plaintiffs,         )
                                  )
19        v.                      )
                                  )
20 THE CITY OF NORTH LAS VEGAS,   )
                                  )
21            Defendant.          )

        The United States of America, by authority of the Attorney General of the United States

22 and through the undersigned attorneys, acting at the request of the Administrator of the United

23 States Environmental Protection Agency ("EPA"), and the State of Nevada, Department of

24 Conservation and Natural Resources, Division of Environmental Protection, Bureau of Water

25 Pollution Control ("NDEP"), by and through counsel for Nevada Attorney General, hereby

26 allege as follows:

27 //

28

                                    1

## NATURE OF ACTION

1.      This is a civil action for injunctive relief and penalties brought under Sections 309(b) and (d) of the Clean Water Act ("the CWA"), 33 U.S.C. §§ 1319(b) and (d), and under the Nevada Water Pollution Control Law, NRS 445A.300-445A.730 ("NWPCL"), against City of North Las Vegas ("City of North Las Vegas") for its failures to appropriately develop, fund, and implement an approved Pretreatment Program for its publicly owned treatment works (POTW) in violation of the National Pollutant Discharge Elimination System ("NPDES") permit issued to North Las Vegas, pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, and in violation of the applicable federal pretreatment regulations, promulgated pursuant to Sections 307 and 308 of the CWA, 33 U.S.C. §§ 1317 and 1318.

## JURISDICTION AND VENUE

2.      This Court has personal and subject matter jurisdiction pursuant to Section 309(b) of the CWA, 33 U.S.C. §§ 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355, and supplemental jurisdiction over State law claims under 28 U.S.C. § 1367(a).

3.      The United States has authority to bring this action on behalf of the Administrator of EPA ("Administrator") under Section 506 of the CWA, 33 U.S.C. § 1366.  NDEP has the authority to bring this suit on behalf of the State of Nevada in accordance with NRS 445A.675.

4.      Venue is proper in the District of Nevada pursuant to Section 309(b) of the CWA, 33 U.S.C. §§ 1319(b), 28 U.S.C. §§ 1391(b) and 1395(a), because it is the judicial district in which North Las Vegas is located and in which the alleged violations occurred.

5.      Notice of the commencement of this action has been provided to the State of Nevada pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b).  The State of Nevada joins this action as a plaintiff, thereby satisfying the requirements of Section 309(e) of the CWA, 33 U.S.C. § 1319(e).

## DEFENDANT CITY OF NORTH LAS VEGAS

6.      Defendant North Las Vegas is a City within Clark County, Nevada and was incorporated in May 16, 1946.  North Las Vegas is a "municipality" as that term is defined by Section 502(4) of the CWA, 33 U.S.C. § 1362(4).

7.     North Las Vegas is responsible for the operation and maintenance of a wastewater treatment plant ("WWTP"), sanitary sewer lines and pump stations, and associated appurtenances.  North Las Vegas operates its sewage collection, transmission and treatment system pursuant to an NPDES permit, issued under Section 402(b) of the CWA, 33 U.S.C. § 1342, and Nevada Revised Statute 445A.465.

## CLEAN WATER ACT AND NDEP
## STATUTORY REQUIREMENTS

8.     The objective of the CWA is to restore and maintain the integrity of the nation's waters. Section 101(a) of the CWA, 33 U.S.C. § 1251(a).  To accomplish this goal, the CWA prohibits the discharge of any pollutants to navigable waters from any point source, unless the discharge is in compliance with various provisions of the CWA.  Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

9.     One of the CWA's principal methods of regulating discharges is through the NPDES permit program established by Section 402 of the CWA, under which the discharge of pollutants from point sources may be authorized in accordance with the conditions and limitations of the permit.  Section 402(a) of the CWA, 33 U.S.C. § 1342(a).

10.     Section 402(a) requires that NPDES permits meet all applicable requirements of the CWA, including the pretreatment requirements at Section 307 of the CWA, 33 U.S.C. § 307. Section 307 of the CWA also requires the establishment of regulations to prevent the introduction of any pollutant into a POTW if that pollutant interferes with, passes through, or is otherwise incompatible with the operation of the POTW.

11.     40 C.F.R. 403.3(q) defines a POTW as a "treatment works as defined by Section 212(2) of the [CWA], 33 § 1292(2), which is owned or operated by the state or a municipality . . . includ[ing] any devices or systems used in the storage [or] treatment. . . of municipal sewage . . ." unless the State has assumed that local responsibility.

12.     Pursuant to Section 307(b)(c) and (d) of the CWA, EPA promulgated the General Pretreatment Regulations for Existing and New Sources of Pollution (General Pretreatment Regulations) at 40 C.F.R. Part 403.

13.     40 C.F.R. § 403.8 requires that a Pretreatment Program be established by "[a]ny POTW … with a total design flow greater than 5 million gallons per day (mgd) and receiving from Industrial Users pollutants which [may] [p]ass [t]hrough or [i]nterfere with the operation of the POTW…."

14.     Pursuant to 40 C.F.R. § 403.8(f), a POTW Pretreatment Program must include, among other things, control mechanisms (such as permits) to ensure that Industrial Users sending wastewater to the POTW comply with pretreatment standards and requirements.

15.     Pursuant to 40 C.F.R. § 403.5, a POTW must also develop specific limits as needed to prevent discharges that cause a violation of the POTW's NPDES permit, disrupt the POTW's treatment process, cause corrosion in the POTW, cause toxic gases presenting acute worker safety problems in the POTW, or violate various other prohibitions listed under 40 C.F.R. 403.5(a)(1) and (b). These specific limits are known as local limits.

16.     Pursuant to 40 C.F.R. § 403.9, a POTW must submit its Pretreatment Program to the "Approval Authority," which is either a state that EPA has authorized to administer the Pretreatment Program or, if the state has not been so authorized, the EPA.

17.     Section 402(b) of the CWA, 33 U.S.C. § 1342(b), allows any State, upon application to and approval by EPA, to administer the NPDES permitting program. The State of Nevada, through NDEP, applied for and received authorization from EPA to administer the State's NPDES permitting program, and does so in accordance with the NWPCL. The State of Nevada, however, has not applied and EPA has not authorized the State to administer a Pretreatment Program as part of its NPDES permitting program. Consequently, EPA administers and is the Approval Authority for the Pretreatment Program in the State of Nevada.

18.     When a POTW's Pretreatment Program is approved, the POTW becomes a "Control Authority" as defined in 40 C.F.R. § 403.3(f).

19.     40 C.F.R. § 403.8(f)(2)(i) requires the Control Authority to identify and locate all possible Industrial Users which might be subject to the POTW Pretreatment Program.

20.     40 C.F.R. § 403.8(f)(1)(iii) requires the Control Authority to control through permits or similar means the wastewaters sent to the POTW by Industrial Users to ensure

4

compliance with applicable Pretreatment Standards and Requirements.

21.    40 C.F.R. § 403.8(f)(1)(iii)(B)(4) requires the Control Authority to include notification requirements in enforceable individual discharge permits issued to Industrial Users.

22.    40 C.F.R. § 403.8(f)(2)(v) requires the Control Authority to randomly sample and analyze the effluent of its Industrial Users, and to randomly sample and analyze the effluent of its Significant Industrial Users at least once a year.

23.    40 C.F.R. § 403.12(o)(2) requires the Control Authority to maintain records of its monitoring activities for at least three years.

24.    40 C.F.R. § 403.8(f)2)(v) requires the Control Authority to conduct inspections and surveillance activities of its Significant Industrial Users at least once a year in order to identify, independent of information supplied by Industrial Users, occasional and continuing noncompliance with pretreatment standards.

25.    40 C.F.R. § 403.8(f)(2)(iv) requires the Control Authority to receive and analyze the self-monitoring reports and other notices submitted by its Industrial Users.

26.    40 C.F.R. § 403.8(f)(2)(vi) requires the Control Authority to evaluate whether each of its Significant Industrial Users need to develop and implement a slug discharge control plan.

27.    40 C.F.R. § 403.8(f)(5) requires the Control Authority to develop and implement an enforcement response plan, which contains detailed procedures indicating how the City will investigate and respond to instances of Industrial Users noncompliance.

28.    40 C.F.R. § 403.8(f)(3) requires the Control Authority to have sufficient resources and qualified personnel to carry out the authorities and procedures required by 40 C.F.R. §§ 403.8(f)(1) and (2) for its Pretreatment Program.

29.    Section 308 of the CWA, 33 U.S.C. § 1318, and Nevada NRS 445A.655 and NRS 445A.660, authorize EPA and Nevada to require inspection and monitoring to determine compliance with the CWA, the NWPCL, and the NPDES permit.  Additionally, Section 308 of the CWA mandates that EPA and Nevada are to have access to any records, reports or information related to compliance inspection and monitoring.

30.     Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, when any person is in violation of Section 307 or 308 of the CWA, 33 U.S.C. § 1317 or 1318, or any permit condition or limitation in an NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.  Nevada provides similar authority to NDEP.  NRS 445A.675 and NRS 445A.695.

31.     Section 309(d) of the CWA, 33 U.S.C. § 1319(d), and 40 C.F.R. § 19.4, provide that any person who violates Section 307 or 308 of the CWA, 33 U.S.C. § 1317 or 1318, or violates any permit condition or limitation in an NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, shall be subject to a civil penalty not to exceed  $37,500 per day per violation occurring on or before November 2, 2015, $51,570 per day per violation for CWA violations occurring after November 2, 2015.  NRS 445A.700 provides a person who violates or aids or abets in the violation of any provision of NRS 445A.300 to 445A.730, inclusive, or of any permit, regulation, standard or final order issued thereunder, shall pay a civil penalty of not more than $25,000 for each day of the violation.

## GENERAL ALLEGATIONS

32.     At all times relevant to this Complaint, North Las Vegas has owned and operated a wastewater treatment plant, and an associated separate sanitary sewer collection and transmission system ("sanitary sewer system") which receive and treat wastewater from residential, commercial, and industrial sources within and near North Las Vegas.

33.     North Las Vegas is a municipality.  It is a city created by or pursuant to Nevada law and has jurisdiction over disposal of sewage, industrial wastes, or other wastes.

34.     Because North Las Vegas is a municipality, at all times relevant herein, North Las Vegas is a "person," within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5) and NRS 445A.390.

35.     The North Las Vegas WWTP is a device and system used in the storage, treatment, recycling, and reclamation of municipal sewage or industrial wastes of a liquid nature.

36.     The North Las Vegas WWTP is a "treatment works" within the meaning of

1    Section 212(2) of the CWA, 33 U.S.C. § 1292(2) and NRS 445A.410.

2         37.    On or about June 2011, North Las Vegas constructed and commenced operating

3    its WWTP and sanitary sewer system.  Prior to construction of the WWTP, North Las Vegas

4    discharged most of its untreated domestic and industrial wastewater to the City of Las Vegas

5    pursuant to a multi-jurisdictional agreement for treatment at the City of Las Vegas' WWTP.  The

6    remaining portion of the North Las Vegas' wastewater, which came from a small number of

7    facilities located on the border of the City, was discharged to the Clark County WWTP.

8         38.    Pursuant to Section 402(a) of the CWA, 33 U.S.C. § 1342(a), and NRS 445A.465.

9    on or about April 12, 2010, NDEP issued North Las Vegas NPDES Permit number NV0023647

10   (2010 Permit), which expired in 2015.  North Las Vegas's NPDES permit was reissued on or

11   about April 1, 2015 (2015 Permit) and it expires on March 31, 2020.

12        39.    At all relevant times herein, North Las Vegas' NPDES permit has authorized the

13   City to discharge treated municipal wastewater from its WWTP to the Las Vegas Wash, subject

14   to certain limitations and conditions set forth in the NPDES permit.

15        40.    North Las Vegas discharges its treated wastewater through two designated

16   outfalls: Outfall 001 discharges via Sloan Channel to the Las Vegas Wash and Outfall 002

17   discharges directly to Las Vegas Wash.  From these outfalls, North Las Vegas' wastewater then

18   travels approximately twelve miles, at which point it is diverted under Lake Las Vegas, through

19   two 7 foot diameter pipes, and then it discharges to Las Vegas Bay, which is the western edge of

20   Lake Mead.

21        41.    North Las Vegas' NPDES permit obligates the City to "implement and enforce a

22   Pretreatment Program pursuant to 40 C.F.R. § Part 403…and be responsible for and liable for the

23   performance of all Control Authority pretreatment requirements contained in 40 C.F.R. § 403."

24   NPDES Permit number NV0023647, at Section I.A.18, p13 (2010 Permit) and at Section B.PT.1.

25   p58 (2015 Permit).

26        42.    North Las Vegas' NPDES permit requires the City to comply with an EPA-

27   approved Pretreatment Program.  NPDES Permit number NV0023647, at Section I.A.18(a), p13

28   (2010 Permit) and at Section B.PT.1.1., p 58 (2015 Permit).

1       43.    On September 29 and 30, 2014, EPA, PG Environmental, which is an EPA

2   contractor, and NDEP completed a pretreatment compliance inspection of the North Las Vegas

3   Pretreatment Program.

4       44.    On June 26, 2015, EPA issued Administrative Order CWA-306(a)-15-011 to

5   North Las Vegas citing the municipality with numerous violations of the CWA, its NPDES

6   permit and the federal pretreatment regulations.

7   **FIRST CLAIM FOR RELIEF**
   **FAILURE TO HAVE NECESSARY LEGAL AUTHORITY TO APPLY AND ENFORCE**

8   **PRETREATMENT PROGRAM PURSUANT TO THE CWA AND NPDES PERMIT**

9       45.    Paragraphs 1 through 44 are realleged and incorporated herein by reference.

10      46.    From 2011 to the date of this Complaint, North Las Vegas' Sewer Use Ordinance

11  Section 13.28.025 fails to specifically identify the City's WWTP as part of the "system" used in

12  the storage and treatment of municipal sewage.

13      47.    Without North Las Vegas' Sewer Use Ordinance identifying its WWTP as part of

14  the treatment works for the City, North Las Vegas fails to have the necessary legal authority to

15  apply and enforce 40 C.F.R. § 403 as is required by the City's NPDES permit.

16      48.    Additionally, North Las Vegas' Sewer Use Ordinance failed to contain the

17  "streamlining provisions," promulgated by EPA, on October 14, 2005, in the C.F.R. pretreatment

18  regulations, which are required to be included in North Las Vegas' Sewer Use Ordinance

19  pursuant to 40 C.F.R. § 403.

20      49.    Each day of violation of 40 C.F.R. § 403 constitutes a separate violation of the

21  City's NPDES permit, Section 307 of the CWA, 33 U.S.C § 1317, and NRS 445A.675 and NAC

22  445A.254.

23  **SECOND CLAIM FOR RELIEF**
   **FAILURE TO DEVELOP A PRETREATMENT PROGRAM**

24      50.    Paragraphs 1 through 44 are realleged and incorporated herein by reference.

25      51.    From 2011 until on about May 1, 2016, North Las Vegas failed to submit for

26  EPA's approval a Pretreatment Program as required by 40 C.F.R. § 403.8 and its NPDES permit.

27      52.    Each day of violation of 40 C.F.R. § 403.8 constitutes a separate violation of the

28  City's NPDES permit, Section 307 of the CWA, 33 U.S.C § 1317, and NRS 445A.675 and NAC

445A.254.

### THIRD CLAIM FOR RELIEF
### FAILURE TO DEVELOP AND IMPLEMENT EFFECTIVE PROCEDURES TO IDENTIFY ALL POSSIBLE INDUSTRIAL USERS

53.     Paragraphs 1 through 44 are realleged and incorporated herein by reference.

54.     From 2011 to on or about September 22, 2015, North Las Vegas' failed to comply with 40 C.F.R. § 403.8(f)(2)(i) by failing to  identify and locate all possible Industrial Users which might be subject to North Las Vegas' Pretreatment Program.

55.     Each day of violation of 40 C.F.R. § 403.8(f)(2)(i) constitutes a separate violation of the City's NPDES permit, Section 307 of the CWA, 33 U.S.C § 1317, and  NRS 445A.675 and NAC 445A.254.

### FOURTH CLAIM FOR RELIEF
### FAILURE TO DEVELOP LOCAL LIMITS FOR ITS WASTEWATER TREATMENT PLANT

56.     Paragraphs 1 through 44 are realleged and incorporated herein by reference.

57.     From 2011 to on or about December 1, 2015, North Las Vegas' failed to comply with 40 C.F.R. § 403.5, by failing to develop specific limits ("local limits") for its POTW to prevent discharges that could cause a violation of its NPDES permit, disrupt the POTW's treatment process, or violate various other prohibitions listed under 40 C.F.R. § 403.5(a).

58.     Each day of violation of 40 C.F.R. § 403.5 constitutes a separate violation of the City's NPDES permit, Section 307 of the CWA, 33 U.S.C § 1317, and NRS 445A.675 and NAC 445A.254.

### FIFTH CLAIM FOR RELIEF
### FAILURE TO HAVE CONTROL MECHANISMS ISSUED TO SIGNIFICANT INDUSTRIAL USERS

59.     Paragraphs 1 through 44 are realleged and incorporated herein by reference.

60.     On numerous occasions from 2011until the date of this Complaint, North Las Vegas failed to comply with 40 C.F.R. § 403.8(f)(1)(iii) by failing to have current, unexpired control mechanisms (permits) for its non-domestic dischargers to control the contribution of each of these users to North Las Vegas' WWTP.

61.     Each day of violation of 40 C.F.R. § 403.8(f)(1)(iii) constitutes a separate violation of the City's NPDES permit, CWA Section 307, 33 U.S.C

1 | § 1317, and NRS 445A.675 and NAC 445A.254.

2 | **SIXTH CLAIM FOR RELIEF**
3 | **FAILURE TO INCLUDE NECESSARY NOTIFICATION REQUIREMENTS IN CONTROL MECHANISMS**

4 | 62.   Paragraphs 1 through 44 are realleged and incorporated herein by reference.

5 | 63.   From 2011 to the date of this Complaint, North Las Vegas' failed to comply with
6 | 40 C.F.R. § 403.8(f)(1)(iii)(B)(4) by failing to include necessary notification requirements in
7 | enforceable individual or general control mechanisms issued to its Industrial Users.

8 | 64.   Each day of violation of 40 C.F.R. § 403.8(f)(1)(iii)(B)(4) constitutes a separate
9 | violation of the City's NPDES permit, Section 307 of the CWA, 33 U.S.C § 1317, and  NRS
10 | 445A.675 and NAC 445A.254.

11 | **SEVENTH CLAIM FOR RELIEF**
12 | **FAILURE TO RANDOMLY SAMPLE AND ANALYZE SIGNIFICANT INDUSTRIAL USERS' EFFLUENT**

13 | 65.   Paragraphs 1 through 44 are realleged and incorporated herein by reference.

14 | 66.   On numerous occasions from 2011 to the date of this Complaint, North Las Vegas
15 | failed to comply with 40 C.F.R. § 403.8(f)(2)(v) by failing to randomly sample and analyze the
16 | effluent of its Significant Industrial Users at least once a year.

17 | 67.   Each day of violation of 40 C.F.R. § 403.8(f)(2)(v) constitutes a separate violation
18 | of the City's NPDES permit, Section 307 of the CWA, 33 U.S.C § 1317, and NRS 445A.675 and
19 | NAC 445A.254.

20 | **EIGHTH CLAIM FOR RELIEF**
**FAILURE TO MAINTAIN RECORDS OF MONITORING ACTIVITIES**

21 | 68.   Paragraphs 1 through 44 are realleged and incorporated herein by reference.

22 | 69.   On numerous occasions from 2011 to the date of this Complaint, North Las Vegas
23 | failed to comply with 40 C.F.R. § 403.12(o)(2) by failing to maintain records of its monitoring
24 | activities for a minimum of three years, and to make such records available to EPA and NDEP.

25 | 70.   Each day of violation of 40 C.F.R. § 403.12(o)(2) constitutes a separate violation of the
26 | City's NPDES permit, Section 308 of the CWA, 33 U.S.C § 1318, and NRS 445A.675 and NAC
27 | 445A.254.

28 | //

## NINTH CLAIM FOR RELIEF
## FAILURE TO ANALYZE INDUSTRIAL USERS SUBMITTED REPORTS

71.     Paragraphs 1 through 44 are realleged and incorporated herein by reference.

72.     On numerous occasions from 2011 to the date of this Complaint, North Las Vegas failed to comply with 40 C.F.R. § 403.8(f)(2)(iv) by failing to receive and analyze the self-monitoring reports and other notices submitted by its Industrial Users.

73.     Each day of violation of its 40 C.F.R. § 403.8(f)(2)(iv) constitutes a separate violation of the City's NPDES permit, Section 308 of the CWA, 33 U.S.C § 1318, and NRS 445A.675 and NAC 445A.254.

## TENTH CLAIM FOR RELIEF
## FAILURE TO PROPERLY CONDUCT INSPECTIONS
## AND SURVEILLANCE ACTIVITIES

74.     Paragraphs 1 through 44 are realleged and incorporated herein by reference.

75.     On numerous occasions from 2011 to the date of this Complaint, North Las Vegas failed to comply with 40 C.F.R. § 403.8(f)(2)(v) by failing to conduct inspections and surveillance activities of its Significant Industrial Users at least once a year in order to identify, independent of information supplied by these Users, occasional and continuing noncompliance with pretreatment standards.

76.     Each day of violation of 40 C.F.R. § 403.8(f)(2)(v) constitutes a separate violation of the City's NPDES permit, Section 307 of the CWA, 33 U.S.C § 1317, and  NRS 445A.675 and NAC 445A.254.

## ELEVENTH CLAIM FOR RELIEF
## FAILURE TO EVALUATE EACH SIGNIFICANT INDUSTRIAL USER'S NEED TO
## DEVELOP AND IMPLEMENT A
## SLUG DISCHARGE CONTROL PLAN

77.     Paragraphs 1 through 44 are realleged and incorporated herein by reference.

78.     From 2011 to the date of this Complaint, North Las Vegas failed to comply with 40 C.F.R. § 403.8(f)(2)(vi) by failing to evaluate whether each Significant Industrial User needed to develop and implement a slug discharge control plan.

79.     Each day of violation of 40 C.F.R. § 403.8(f)(2)(vi) constitutes a separate violation of the City's NPDES permit, Section 307 of the CWA, 33 U.S.C § 1317, and NRS 445A.675 and NAC 445A.254.

## TWELVENTH CLAIM FOR RELIEF
## FAILURE TO DEVELOP AN ENFORCEMENT PLAN

80.     Paragraphs 1 through 44 are realleged and incorporated herein by reference.

81.     From 2011 to the date of this Complaint, North Las Vegas failed to comply with 40 C.F.R. § 403.8(f)(5) by failing to develop and implement an enforcement response plan, which contains detailed procedures indicating how the City will investigate and respond to instances of Industrial Users noncompliance.

82.     Each day of violation of 40 C.F.R. § 403.8(f)(5) constitutes a separate violation of the City's NPDES permit, Section 307 of the CWA, 33 U.S.C § 1317, and NRS 445A.675 and NAC 445A.254.

## THIRTEETH CLAIM FOR RELIEF
## FAILURE TO HAVE SUFFICIENT RESOURCES AND QUALIFIED PERSONNEL TO CARRY OUT THE PRETREATMENT PROGRAM

83.     Paragraphs 1 through 44 are realleged and incorporated herein by reference.

84.     From 2011 to the date of this Complaint, North Las Vegas failed to comply with 40 C.F.R. § 403.8(f)(3) by failing to have sufficient resources and qualified personnel to carry out the authorities and procedures for an approved Pretreatment Programs as required by 40 C.F.R. §§ 403.8(f)(1) and (2).

85.     Each day of violation of 40 C.F.R. § 403.8(f)(3) constitutes a separate violation of the City's NPDES permit, Section 307 of the CWA, 33 U.S.C § 1317, and NRS 445A.675 and NAC 445A.254.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and the State of Nevada request that the Court enter judgment on their behalf as follows:

A.     Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and NRS 445A.675 and NRS 445A.695, order North Las Vegas to develop, fund and implement a Pretreatment Program that has been approved by EPA;

B.     Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b) and NRS 445A.675 and NRS 445A.695, order North Las Vegas to re-issue all permits to its industrial users sending wastewater to the City's WWTP.

C.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), and NRS 445A.700, order North Las Vegas to pay civil penalties for its violations of its NPDES permit and the applicable federal pretreatment regulations promulgated pursuant to the CWA.

D.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), and 40 C.F.R. § 19.4, order North Las Vegas to pay the United States a civil penalty of up to $37,500 per day for each violation of its NPDES permit and the applicable pretreatment regulations occurring on or after January 12, 2009 and, $51,570 per day for each violation of its NPDES permit and the applicable pretreatment regulations occurring on or after November 2, 2015; and pursuant to NRS 445A.700, order North Las Vegas to pay the State of Nevada a civil penalty of up to $25,000 per day for each violation of its NPDES permit.

E.    Grant the United States and the State of Nevada such other relief as the Court deems appropriate.

Respectfully submitted,

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

ESPERANZA ANDERSON
Senior Counsel
Pennsylvania Bar Number 62582
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044
Telephone: (202) 514-4059
Fax: (202) 616-2427
Email: esperanza.anderson@usdoj.gov

13

1  ATTORNEYS FOR THE PLAINTIFF UNITED STATES (CONTINUED):

2

3                                    STEVEN W. MYHRE
                                     Acting United States Attorney
4

5

6                                    TROY K. FLAKE
                                     Assistant United States Attorney
7                                    501 Las Vegas Blvd., South, Suite 1100
                                     Las Vegas, Nevada 89101
8

9

10

11  OF COUNSEL:
    Julia Jackson
12  Associate Regional Counsel
    U.S. EPA, Region 9
13  75 Hawthorne Street
    San Francisco, CA 94105-3901
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    14

1 | ATTORNEY FOR PLAINTIFF STATE OF NEVADA BY AND THROUGH:

2

3
                            Respectfully submitted,

4

5

6
                            ADAM PAUL LAXALT
                            Nevada Attorney General

7

8

9
                            KATIE ARMSTRONG
                            Deputy Attorney General

10
                            Nevada Bar 8571
                            100 N. Carson Street

11
                            Carson City, Nevada 89701
                            Telephone: (775) 684-1224

12
                            Facsimile: (775) 684-1100
                            Email: karmstrong@ag.nv.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28